**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SATISH RAMACHANDRAN, <br><br> Plaintiff, <br><br> v. <br><br> BEST BEST & KRIEGER, et al., <br><br> Defendants. | Case No. 20-cv-03693-BLF <br><br> **ORDER VACATING MAY 6, 2021 HEARING AND GRANTING MOTION TO AMEND COMPLAINT** <br><br> [Re: ECF 85] |

Plaintiff Satish Ramachandran ("Plaintiff") moves this Court for leave to file a First Amended Complaint ("FAC") against Defendants Best Best & Krieger, LLP; Christopher Diaz; Christina Hickey; Kirk Ballard; David Kornfield; Christopher Jordan; and Pamela Jacobs ("Defendants"). *See* Mot., ECF 85; *see also* Declaration of John Houston Scott, ECF 85-1. Defendant Jacobs opposes on the limited grounds that Plaintiff should not be permitted to amend the complaint prior to the resolution of the pending motions to dismiss in this case that are set to be heard on January 14, 2021. *See* Opp'n, ECF 86. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the May 6, 2021 hearing date set for this motion. The Court GRANTS Plaintiff's motion for leave to file the proposed FAC.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* 15(a)(2). "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under the liberal standard set forth in Rule 15, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607; *Foman v. Davis,* 371 U.S. 178, 182 (1962). Not all factors carry equal weight. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

Plaintiff's motion for leave to amend satisfies the requirements of Rule 15(a). Plaintiff has complied with the Court's scheduling order, *see* Order, ECF 84. In order to avoid any prejudice to Defendants, the Court will retain the January 14, 2021 hearing date for the three pending motions to dismiss. The Court will rule on those motions and consider the amendments to relate only to the issue of futility of amendment. With the risk of prejudice addressed, Plaintiff is entitled to the presumption in favor of granting leave to amend.

Accordingly, Plaintiff's motion is GRANTED, and Plaintiff is to file a redlined version of the amended complaint **on or before January 4, 2021**.

**IT IS SO ORDERED.**

Dated: December 24, 2020

_____
BETH LABSON FREEMAN
United States District Judge