UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KIRK BALLARD, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-03693-BLF<br><br>**ORDER DENYING MOTION TO AMEND THE COMPLAINT**<br><br>[Re: ECF 109] |

　　　　Plaintiff Satish Ramachandran has filed a motion for leave to file an "Amended First Supplemental Complaint," which would be the eighth version of his pleadings in this long-running neighbor dispute that is split between two different federal lawsuits. *See* Mot., ECF 109. Mr. Ramachandran seeks to add two new parties and new facts to his remaining malicious prosecution claim, information that was known to him when he previously petitioned this Court for leave to amend his complaint on November 30, 2020. *See id.; see also* Mot. to Amend, ECF 85. Defendants Kirk Ballard and Christopher Jordan oppose Mr. Ramachandran's motion for further amendment, *see* Opp'n, ECF 120, and Defendant Pamela Jacobs joins in their arguments, *see* Opp'n 121. Best Best & Krieger, a prior Defendant in this case that was voluntarily dismissed by Mr. Ramachandran after this motion was filed, *see* Order Granting Stipulation, ECF 112, has also filed an opposition, as Mr. Ramachandran is attempting to add another member of the firm to the case. *See* Opp'n, ECF 117.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument, and the April 22, 2021 hearing is

---

[1] The Court does not rely on any arguments from this brief to reach its decision and thus need not reach the nonparty's request for judicial notice or Mr. Ramachandran's objections regarding the filing of this brief.

1   VACATED. The Court DENIES Mr. Ramachandran's motion.

2   **I.  BACKGROUND**

3   Mr. Ramachandran first filed a federal lawsuit regarding this dispute on February 25, 2018. *See Ramachandran v. City of Los Altos*, No. 18-CV-01223-VKD, 2020 WL 1914961, at *1 (N.D. Cal. Apr. 20, 2020). Defendants Ballard and Jordan were named in that lawsuit, as was the City of Los Altos. *Id.* Scott Ditfurth, one of the proposed new Defendants in this case, represented defendants sued by Mr. Ramachandran in this first federal action. *See id.* On April 20, 2020, Judge Virginia K. DeMarchi granted in part and denied in part Mr. Ramachandran's motion to file a fourth amended complaint. *Id.* at *10. Mr. Ramachandran responded by filing a separate complaint in front of this Court on June 3, 2020. *See Ramachandran v. Best Best & Krieger*, No. 20-CV-03693-BLF, 2021 WL 428654, at *3 (N.D. Cal. Feb. 8, 2021).

On August 17, 2020, Defendants filed their motions to dismiss. *See* Mots., ECF 43, 55, 57. On October 23, 2020, this Court granted the parties' stipulated pretrial scheduling order. *See* Scheduling Order, ECF 84. The deadline to amend the pleadings under the Rule 15 standard was November 30, 2020. *Id.* On November 30, 2020, Mr. Ramachandran filed a motion to supplement the complaint before this court and file a first amended complaint with a new malicious prosecution claim under 42 U.S.C. § 1983. *See* Mot to Amend, ECF 85. The Court granted Mr. Ramachandran's motion on December 24, 2020, and retained the scheduled hearing on the motions to dismiss, only considering the amendments on the issue of futility of amendment. *See* Order, ECF 91. On February 8, 2021, the Court granted Defendants' motions to dismiss, leaving only the malicious prosecution claim in this case. *See* Order, ECF 104.

On February 25, 2021, Mr. Ramachandran filed this motion to further amend the complaint, seeking leave to file the eighth version of the pleadings in this long-running dispute. *See* Mot. He seeks to add the City of Los Altos and Mr. Ditfurth as defendants in this case.

**II.  LEGAL STANDARD**

"[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th

1   Cir.1999)). "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule
2   of Civil Procedure 16[,] which established a timetable for amending pleadings[,] that rule's
3   standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.
4   1992). "A schedule shall not be modified except by leave of ... [the district court] upon a showing
5   of good cause" once Rule 16 applies. *Id.* at 608 (alterations in original). "The district court may
6   modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party
7   seeking the extension." *Id.* at 609 (internal quotation and citation omitted). "Although the
8   existence or degree of prejudice to the party opposing the modification might supply additional
9   reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
10  modification." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

**III.   DISCUSSION**

Mr. Ramachandran incorrectly assumed his motion would be evaluated under the Rule 15 standard, not the Rule 16 good cause standard. Mot. 3. His sole argument in support of amendment is that there is no prejudice to Defendants should it be granted. *Id.* However, under Ninth Circuit law, the focus is on Mr. Ramachandran's reasons for seeking modification. In his reply brief, Mr. Ramachandran argues the merits of his malicious prosecution claim, but that is not the proper focus of this motion, either. *See* Reply 3-4, ECF 122. Mr. Ramachandran's attempts to distinguish *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006), are similarly misguided—in *AmerisourceBergen*, the Ninth Circuit found that the Rule 15 standard applied because the plaintiff filed its motion for leave prior to the deadline set by the district court. *Id.* Here, Mr. Ramachandran's second motion for leave to amend comes nearly three months after the deadline has passed.

Mr. Ramachandran argues that his good cause for amendment is his "constructive response to this Court's February 8, 2021 order." Reply 7. However, Mr. Ramachandran admits that his malicious prosecution claim ripened on October 20, 2020, when the misdemeanor charge against him was dismissed. *Id.* This was more than a month before he filed his first motion to supplement his complaint, and Mr. Ramachandran does not address why he did not add the additional facts and parties at that time.

1  Defendants Ballard and Jordan argue that Mr. Ramachandran has not demonstrated good
2  cause for amendment because of this undue delay. Opp'n 5-6. The Ninth Circuit has upheld
3  denials of leave to amend when a plaintiff unduly delayed the litigation by waiting to include
4  facts, parties, or claims that were previously known. *See Acri v. Int'l Ass'n of Machinists &*
5  *Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("We have also noted that late
6  amendments to assert new theories are not reviewed favorably when the facts and the theory have
7  been known to the party seeking amendment since the inception of the cause of action."), *Chodos*,
8  292 F.3d at 1003 (upholding denial of leave to amend when "new" facts had been available to
9  plaintiff even before the first amendment to his complaint). The Court agrees with Defendants
10 Ballard and Jordan that Mr. Ramachandran was not diligent in seeking this further amendment and
11 thus cannot demonstrated the "good cause" required by Rule 16. Accordingly, this motion is
12 DENIED, and the Court need not reach Defendants' arguments regarding bad faith. Defendants
13 shall file their response to the operative complaint within thirty days of this order.

**IT IS SO ORDERED.**

Dated: April 6, 2021

_____
BETH LABSON FREEMAN
United States District Judge

4